1  **WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Ronald C. Russ,

    Plaintiff,

vs.

United Services Automobile Association; and Gary W. Sherry,

    Defendants.

No. CV-16-02787-PHX-PGR

ORDER

    Pending before the Court is defendant United Services Automobile Association's Motion to Dismiss and Compel Arbitration (Doc. 15) and Defendant Gary W. Sherry's Motion to Dismiss and Compel Arbitration (Doc. 28). Having considered the parties' memoranda in light of the submitted evidence, the Court finds that the motions should be granted.

Background

    According to the First Amended Complaint ("FAC") (Doc. 21), plaintiff Ronald Russ was hired by defendant United Services Automobile Association ("USAA"), a leading provider of financial planning, insurance, investments, and banking products, in November 2006 and was terminated in September 2014. At the time of his termination, the plaintiff was a Wealth Management Service and Implementation

Specialist who was responsible for providing customer support to USAA's high net worth members by servicing their financial and investment accounts. Defendant Sherry was the plaintiff's direct supervisor and manager beginning in November 2013. The two-count FAC alleges a retaliation claim against USAA pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (Count One) and an interference claim against both defendants pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (Count Two).

According to the evidence submitted by USAA, which is not disputed by the plaintiff, USAA implemented a dispute resolution program in August 2004 known as the Dialogue Dispute Resolution Program ("Dialogue Program"), which provides in part that all employment-related disputes between USAA and its employees (with some exceptions not relevant here) that are not resolved through other available Dialogue dispute resolution programs must be submitted to binding arbitration using, where applicable, the Employment Dispute Resolution Rules of the American Arbitration Association.[1] The plaintiff received notice providing him with the Dialogue

---

[1]

The *Dialogue: The USAA Dispute Resolution Program* (Exhibit A-1 to USAA's motion) contains the following relevant provisions:

It defines "Dispute" in part as meaning

all legal and equitable claims, demands, and controversies, of whatever nature or kind, whether in contract, tort, under statute or regulation, or some other law, (i) between the Company and an Employee or Applicant; ... or (iv) asserted against a Third Party Beneficiary, including, but not limited to, any matters with respect to:
1. this Description, the Rules, or any other matter relating to Dialogue;
2. the employment ... of an Employee, including the terms, conditions, and termination of such employment with the Company, including events that may occur after any such termination of

- 2 -

Program's terms and conditions on or about his start date, he returned his signed notice acknowledging that he had received, reviewed, and understood the Dialogue Program materials and consented to be contractually bound by them on November 13, 2006[2], and he attended a training session on using the Dialogue Program on

---

    employment;
    3. any other matter relating to or concerning the relationship between the Employee and the Company including, by way of example and without limitation, allegations of discrimination based on race, sex, religion, national origin, age, veteran status, disability, or other legally protected characteristic; sexual or other types of harassment; wrongful discharge; workers' compensation retaliation or other legally prohibited retaliation; defamation; infliction of emotional distress; failure to pay wages; failure to comply with any mandatory leave or reinstatement obligations, etc.

It defines "Third Party Beneficiary" in part as meaning "(ii) any of the past, present ... employees ... of USAA against whom a Dispute is asserted, if such Dispute relates in any way to the Company."

It also provides, in a provision entitled *Exclusive Remedy; Resolution of Dispute* that "Arbitration under Dialogue, rather than trial before a court or jury, is the final, exclusive, and binding means for resolving all Disputes that are not otherwise settled or resolved by the Parties, regardless of whether a Party asserts additional claims that are not within the scope of Dialogue."

[2]

    The one-page *Notice and Agreement Concerning Dialogue: the USAA Dispute Resolution Program* that the plaintiff signed on November 13, 2006 (Exhibit A-3 to USAA's motion), contains in part the following provisions:

### NOTICE

[USAA] maintains a Dispute Resolution Program known as "Dialogue" (the Program) that governs employment-related disputes which it may have with applicants and employees. As a condition of employment, you and USAA agree to resolve employment-related legal claims against USAA through the Dialogue program rather than the court system. Included with this NOTICE are the following: (1) a letter regarding the Program ...; (2) the Dialogue guide, which summarizes the program; (3) the Program Description and Rules, which provides a

- 3 -

November 30, 2006. In his declaration, the plaintiff states in part that he did not fully understand and comprehend the notice regarding the Dialogue Program he signed nor the potential adverse consequences and limitations the notice placed on his legal rights and access to the federal court system.

Discussion

The defendants seek to have the Court compel the plaintiff to arbitrate all of the claims alleged in the FAC and to dismiss the FAC in its entirety.[3] The Dialogue Program provides that the Federal Arbitration Act ("FAA") applies to arbitrations under it.

---

more formal and complete statement of the terms of the Program; and (4) the USAA Legal Assistance Plan and Summary Plan Description.

AGREEMENT

I consent, along with USAA, to be bound by the terms of the Program. I acknowledge having received the above-reference documents, and that I have familiarized myself with the material. I understand that the Program establishes a variety of options and resources to resolve work-related disputes. I understand that any dispute covered by the Dialogue Program that cannot be resolved by mutual agreement, must be submitted to final and binding arbitration, instead of to the court system. This includes any disputes relating to my employment, and any termination of my employment (including events that may occur after termination of employment). I understand that this means that USAA and I are waiving any right we may have to bring a lawsuit and to a jury trial concerning any dispute covered by the Program. I understand and agree that the terms of the Program are a condition of my employment. I also understand that the Program is not a contract of employment for any specific period of time and does not affect either my or USAA's legal rights except as expressly stated in the Program itself.

[3] Although the USAA's motion was directed at the original complaint since it was filed prior to the filing of the FAC, the Court previously ordered (Doc. 27) that the motion would be deemed to be directed at the FAC.

The FAA broadly provides that written agreements to arbitrate controversies arising out of contracts involving interstate commerce[4] "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Absent a valid contractual defense, the FAA mandates that district courts "*shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985) (emphasis in original). The Court's role under the FAA is limited to (1) determining whether a valid agreement to arbitrate exists and, if it does, whether the agreement encompasses the dispute at issue. Chiron Corp. v. Ortho Diagnostic Systems, Inc., 207 F.3d 1126, 1130 (9th Cir. 2000); 9 U.S.C. § 4. Since the plaintiff does not dispute that both of his claims in the FAC fall within the purview of the Dialogue Program's arbitration agreement, the only issue before the Court is the validity of the arbitration agreement.

The plaintiff argues that the arbitration provision is unenforceable because it is both procedurally and substantively unconscionable. Unconscionability is a generally applicable contract defense that may render an arbitration provision unenforceable under the FAA, Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, 687 (1996), and the determination of unconscionability in the arbitration context is determined according to the laws of the state of contract formation, here Arizona.[5]

---

[4]

The plaintiff does not dispute that the FAA's commerce requirement is fulfilled here, and in any case the Dialogue Program states that the applicability of the FAA to its arbitrations "shall not depend on a determination that the relationship between an Employee ... and the [USAA] involves commerce[.]"

[5]

The Court's resolution of the defendants' motions is predicated on Arizona-based law notwithstanding the plaintiff's over-reliance in his response on California-based case law based on his contention that such case law is persuasive

Chalk v. T-Mobile USA, Inc., 560 F.3d 1087, 1092 (9th Cir.2009). Under Arizona law, the plaintiff bears the burden of proving the unenforceablity of the arbitration provision, and the determination of unconscionability is to be made by the Court as a matter of law. Maxwell v. Fidelity Financial Services, Inc., 907 P.2d 51, 56 (Ariz.1995); Taleb v. AutoNation USA Corp., 2006 WL 3716922, at *2 (D.Ariz. Nov. 13, 2006) ("Because a court order compelling arbitration is the functional equivalent of a summary disposition on the issue of the enforceability of the Arbitration Agreement, the burden is properly upon the plaintiff to produce specific facts showing that such a triable issue exists.") The Court concludes as a matter of law that the plaintiff has not met the "high bar" necessary to demonstrate unconscionability. Longnecker v. American Express Co., 23 F.Supp.3d 1099, 1108 (D.Ariz.2014).

A. Procedural Unconscionabilty

The plaintiff argues that the Dialogue Program's arbitration agreement is procedurally unconscionable. Procedural unconscionability involves a finding that something was wrong in the bargaining process in that it "is concerned with 'unfair surprise,' fine print clauses, mistakes or ignorance of important facts or other things that mean bargaining did not proceed as it should." Maxwell, 907 P.2d at 57-58.

The plaintiff raises two reasons why the Dialogue Program's arbitration agreement is procedurally unconscionable, the first of which is because it constitutes a contract of adhesion. For purposes of the resolution of the defendants' motions, the Court assumes that the Dialogue Program constitutes an adhesion contract given the mandatory terms of the Dialogue Program and the plaintiff's uncontroverted statement in his declaration that signing the Dialogue Program notice

---

in interpreting Arizona law on unconscionability.

- 6 -

regarding the arbitration requirement was a "take it or leave it" situation on his part because he was told that he had to sign it in order to be employed at USAA. *See* Broemmer v. Abortion Services of Phoenix, Ltd., 840 P.2d 1013, 1015 (Ariz.1992) (Court stated that an adhesion contract "is typically a standardized form offered to consumers of goods and services on essentially a take it or leave it basis without affording the consumer a realistic opportunity to bargain and under such conditions that the consumer cannot obtain the desired product or services except by acquiescing in the form contract.")

The Court rejects, however, the plaintiff's argument that a finding that a contract is one of adhesion constitutes in and of itself a finding of procedural unconscionability under Arizona law. Longnecker v. American Express Co., 23 F.Supp.3d at 1109 ("But even if the arbitration agreements were contracts of adhesion that would not mean that they are procedurally unconscionable. Contracts of adhesion are not *per se* unenforceable."); Perry v. NorthCentral University, Inc., 2011 WL 4356499, at *5 (D.Ariz. Sept. 19, 2011) (same); R & L Limited Investments, Inc. v. Cabot Investment Properties, LLC, 729 F.Supp.2d 1110, 1115 (D.Ariz.2010) (Court noted that "it does not appear that there is any Arizona law supporting the assertion that a finding of adhesion equates to a finding of procedural unconscionability. ... The fact that a given contract was a contract of adhesion is not itself dispositive[.]") Arizona law recognizes that a contract of adhesion is presumptively valid and fully enforceable according to its terms unless the contract is unconscionable or beyond the range of reasonable expectations, Broemmer, 840 P.2d at 1016, which are two distinct grounds for invalidating or limiting the enforcement of a contract, Maxwell, 907 P.2d at 57, and the plaintiff does not argue the applicability of the latter exception. *See also,* AT&T Mobility LLC v. Concepcion,

131 S.Ct. 1740, 1750 (2011) (Court rejected the idea that arbitration agreements are *per se* unconscionable when found in adhesion contracts.) As the defendants note, and the plaintiff simply and inexplicably ignores without comment, another Judge of this Court has already determined that the same USAA Dialogue Program arbitration agreement at issue here is not a procedurally unconscionable adhesion contract. O'Bannon v. United Services Automobile Ass'n, CV-15-02231-PHX-SRB (Doc. 51, dated June 17, 2016) (In compelling arbitration, court stated that "[e]ven assuming that the arbitration agreement in this case was a 'take it or leave it' contract of adhesion, it was not procedurally unconscionable. ... [T]he arbitration agreement in the Dialogue program is not a procedurally unconscionable contract of adhesion.") The Court agrees with that position.[6]

The plaintiff also argues that the arbitration agreement is procedurally unconscionable because it allows USAA to impose mandatory arbitration pursuant to AAA rules of procedure that are not provided to employees when they receive the Dialogue Program and the Dialogue Program does not contain any information as to how an employee might obtain a copy of the AAA rules. The Court also rejects this argument. See O'Bannon order compelling arbitration ("The Court concludes that [USAA's] failure to provide a copy of the AAA rules did not make the arbitration provision in this case procedurally unconscionable."); Perry v. NorthCentral University, 2011 WL 4356499, at *7 (This Court rejected the argument that an arbitration provision was procedurally unconscionable because the employer did not

---

[6]
 Furthermore, while the plaintiff may not have understood the full ramifications of the Dialogue Program arbitration agreement he was compelled to sign, there was no unfair surprise involved with it because he does not dispute that he received the Dialogue Program materials and the contents of the arbitration provisions were in no way hidden within those materials.

- 8 -

give the employee a copy of the AAA rules governing the arbitration process.); Godhart v. Direct Alliance Corp., 2011 WL 2713977, at *3 (D.Ariz. July 13, 2011) (Court concluded that an arbitration provision in an employment contract was not procedurally unconscionable notwithstanding that the employer did not give the plaintiff a copy of the rules of the AAA.); Harrington v. Pulte Home Corp., 119 P.3d 1044, 1052 n.9 (Ariz.App.2005) (In finding that an arbitration provision was enforceable, court noted that the rules of the AAA are available publically on-line.)

B. Substantive Unconscionability

The plaintiff argues that the Dialogue Program's arbitration agreement is also substantively unconscionable. Substantive unconscionability is concerned with the relative fairness of the actual terms of the contract, *i.e.* whether they are unjust or one-sided. Maxwell, 907 P.2d at 58. "Indicative of substantive unconscionability are contract terms so one-sided as to oppress or unfairly surprise an innocent party, an overall imbalance in the obligations and rights imposed by the bargain, and significant cost-price disparity." *Id.* at 59.

The plaintiff raises two reasons why the Dialogue Program's arbitration agreement is substantively unconscionable, the first of which is because USAA, but not the plaintiff, has the absolute right to unilaterally amend or cancel the mandatory arbitration requirement so long as notice is provided.[7] The Court rejects this

---

[7]

Regarding amendment, the Dialogue Program provides that "[t]he Company may amend Dialogue by giving at least 30 days notice of amendment to current Employees. No amendment shall apply to a Dispute for which a proceeding has been initiated pursuant to the Rule prior to the Effective Date of Dialogue's amendment."

Regarding termination, the Dialogue Program provides that "Dialogue may be terminated by the Company by giving at least 30 days notice of termination to current Employees. Termination shall not be effective as to Disputes for which a proceeding has been initiated pursuant to the Rule prior to the Effective Date of

- 9 -

argument. While there is some case law to the contrary from this District, the Court finds persuasive the case law that concludes that amendment and termination provisions such as those found in the Dialogue Program are not substantively unconscionable under Arizona law when, as with the plaintiff's employment here, employment is on an at-will basis. *See* O'Bannon v. United Services Automobile Ass'n order compelling arbitration (Court concluded that the modification/termination provisions in USAA's Dialogue Program were not substantively unconscionable because Arizona law views changes in the terms of an at-will employment relationship to be a new offer that an employee may accept by performance or reject by leaving the job.); EEOC v. Cheesecake Factory, Inc., 2009 WL 1259359, at *4-5 (D.Ariz. May 6, 2009) (Court concluded that an employer's right in the future to change the arbitration agreement in the employee handbook was not substantively unconscionable under Arizona law given the at-will nature of the employment.); *cf.*, Longnecker v. American Express Co., 23 F.Supp.3d at 1111 (Court noted, without deciding, that it did not perceive how an arbitration agreement that gave the employer the sole right to modify or terminate the agreement could be considered to be substantively unconscionable when the employer had not used the unilateral modification clause and the plaintiffs were faced with the exact terms to which they originally agreed.)

       The plaintiff also conclusorily argues that the Dialogue Program's arbitration agreement is substantively unconscionable because the applicable AAA rules, in particular its Employment Dispute Resolution Rules 23 and 39(b), require that the

---

Dialogue's termination."

arbitration proceedings and awards not be subject to public scrutiny.[8] The plaintiff's support for his argument consists solely of three string-cited cases, only two of which, both Ninth Circuit cases, are relevant to this issue, wherein the courts, relying on California law (which the defendants state is no longer the law in California), concluded that even facially neutral confidentiality provisions in arbitration provisions could be substantively unconscionable because they favor companies over individuals by preventing employees from accessing precedents from similar arbitrations. Totally absent from the plaintiff's response is any cogent argument as to how those cases, which involved total confidentiality provisions, are factually apposite here, where the AAA rules cited by the plaintiff do not require absolute confidentiality inasmuch as they both permit waiver of confidentiality by the parties. In any case, the Court agrees with the conclusion of the O'Bannon court wherein it determined that the applicability of AAA Rules 23 and 39 to USAA's Dialogue Program arbitration agreement did not make the agreement substantively unconscionable as there is nothing overly broad or unfairly one-sided about those

---

[8] The AAA's employment arbitration rules (Exhibit 2 to the plaintiff's response) provide the following:

23. *Confidentiality*
The arbitrator shall maintain the confidentiality of the arbitration and shall have the authority to make appropriate rulings to safeguard that confidentiality, unless the parties agree otherwise or the law provides otherwise.
* * *
39. *The Award*
* * *
b. An award issued under these rules shall be publicly available, on a cost basis. The names of the parties and witnesses will not be publicly available, unless a party expressly agrees to have its name made public in the award.

rules.

Since the Dialogue Program arbitration agreement that the plaintiff agreed to is not unconscionable, the Court concludes that arbitration must be compelled pursuant to the FAA. 9 U.S.C. § 4. Since both of the claims arising out of the plaintiff's FAC are arbitrable, the Court, in the exercise of its discretion, *see* Sparling v. Hoffman Construction Co., 864 F.2d 635, 638 (9th Cir.1988), further concludes that the dismissal of this action, rather than a stay pending arbitration, is appropriate. Therefore,

IT IS ORDERED that defendant United Services Automobile Association's Motion to Dismiss and Compel Arbitration (Doc. 15) and Defendant Gary W. Sherry's Motion to Dismiss and Compel Arbitration (Doc. 28) are both granted.

IT IS FURTHER ORDERED that plaintiff Ronald C. Russ is directed to initiate arbitration of his claims against the defendants in accordance with the provisions of the Dialogue: The USAA Dispute Resolution Program.

IT IS FURTHER ORDERED that this action is dismissed without prejudice and that the Clerk of the Court shall enter judgment accordingly.

DATED this 10th day of May, 2017.

_____
Paul G. Rosenblatt
United States District Judge